IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
U.S. BANK NATIONAL              )  CIVIL NO. 17-00403 DKW-RLP
ASSOCIATION, SUCCESSOR          )
TRUSTEE TO WACHOVIA BANK,       )  FINDINGS AND RECOMMENDATION TO
NATIONAL ASSOCIATION, AS        )  GRANT PLAINTIFF'S MOTION TO
TRUSTEE FOR THE HOLDERS OF      )  REMAND
THE BANC OF AMERICA FUNDING     )
CORPORATION 2005-E TRUST,       )
                                )
             Plaintiff,         )
                                )
       vs.                      )
                                )
DANNY CASTRO MAGGAY, ET AL.,    )
                                )
             Defendants.        )
_____ )
```

FINDINGS AND RECOMMENDATION TO
GRANT PLAINTIFF'S MOTION TO REMAND[1]

Before the Court is Plaintiff's Motion to Remand, filed on September 21, 2017 ("Motion"). ECF No. 10. Defendants did not file an opposition or other response to the Motion. The Court found this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. ECF No. 11. After carefully reviewing the submissions of the parties, the relevant legal authority, and the lack of opposition, the Court FINDS and RECOMMENDS that the district

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

court GRANT Plaintiff's Motion to Remand.

## BACKGROUND

This foreclosure action was originally filed in the Circuit Court of the First Circuit, State of Hawaii on October 31, 2012. ECF No. 6-4. Defendants filed their Notice of Removal on August 14, 2017, on the basis of federal question. See ECF No. 1. In the present Motion, Plaintiff seeks remand arguing that the court lacks jurisdiction because there is no federal question jurisdiction and based on the forum defendant. ECF No. 10.

## DISCUSSION

A defendant who invokes the federal court's removal jurisdiction has the burden of establishing federal jurisdiction. Washington v. Chimei Innolux Corp., 659 F.3d 842, 847 (9th Cir. 2011). Courts construe the removal statute strictly against removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). If there is any doubt as to the right of removal in the first instance, remand must be granted. See id. at 566. Here, Defendants fail to meet their burden to establish federal jurisdiction.

First, the Motion was timely. Although the Motion was filed more than thirty days after Defendants filed their Notice of Removal, Section 1447(c) allows a motion to remand based on lack of subject matter jurisdiction to be filed at any time prior

to final judgment.  28 U.S.C. § 1447(c); see also O'Conner v. Hilton Hawaiian Vill., 763 F. Supp. 1544, 1546 (D. Haw. 1990).

Second, removal was improper on the basis of federal question jurisdiction.  "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (citations and internal quotation marks omitted).  Here, the Complaint contains only a state law claim for foreclosure.  See ECF No. 6-4.  Defendants' Notice of Removal states that "a federal question" exists under the National Bank Act and under "Title 1369."  ECF No. 1 at 2-3.  To the extent Defendants intend to raise a federal defense, defenses are not part of the plaintiff's well-pleaded complaint, and a defendant cannot remove an action on the basis of federal question jurisdiction based on federal defenses.  See Rivet, 522 U.S. at 475.

Second, removal was improper on the basis of diversity jurisdiction.  Section 1441(b)(2) provides:

> A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2).  Defendants are citizens of Hawaii.  See ECF No. 1 (listing Hawaii address).  Actions based on diversity jurisdiction may only be removed if none of the properly joined

3

and served defendants is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b)(2). Because Defendants are citizens of Hawaii, Section 1441(b)(2) precludes removal of this action on the basis of diversity jurisdiction.

## CONCLUSION

The Court finds that Defendants improperly removed this action and recommends that the district court GRANT Plaintiff's Motion to Remand this action to the First Circuit, State of Hawaii.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, OCTOBER 19, 2017.

/s/ Richard L. Puglisi
Richard L. Puglisi
United States Magistrate Judge

**U.S. BANK NATIONAL TRUST ASSOCIATION V. MAGGAY, ET AL., CIVIL NO. 17-00403 DKW-RLP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND**